IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARBARA ANN THURMAN BLEVINS,    )
                                )
        Plaintiff,              )
                                )
                                ) CIVIL ACTION NO.: CV06-398-MHT
                                )
PROGRESSIVE INSURANCE           )
COMPANY,                        )
                                )
        Defendant.              )

## MEMORANDUM BRIEF IN SUPPORT OF PROGRESSIVE SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Comes now the defendant, Progressive Specialty Insurance Company ("Progressive"), and submits this memorandum of law in support of its motion for summary judgment. Progressive is entitled to a summary judgment on both counts of the plaintiff's complaint. First, Progressive did not breach its contract with Blevins because it reasonably determined that it owed Blevins no benefits for underinsured motorist ("UIM") coverage. Consistent with Alabama law, Progressive fairly evaluated Blevins's claim file and, in fact, offered to settle her claim. Second, Progressive is not liable for bad faith failure to pay because it has arguable and debatable reasons for denying coverage to Blevins in this case. Progressive is not liable for bad faith failure to investigate because it performed a reasonable and sufficient investigation into this accident before making its coverage decision.

Finally, the plaintiff has not participated in discovery and has produced no evidence to support either her breach of contract or her bad faith claims. Therefore, each of these claims is to be dismissed.

**I.    <u>Summary Judgment Standard</u>.**

Summary judgment is appropriate under Rule 56 (c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[T]he plain language of Rule 56 (c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id.</u> at 322-23.

The movant bears "the initial burden of showing that there is an absence of a genuine issue of material fact." <u>Id.</u> at 323. The non-movant "still bears the burden of coming forward with sufficient evidence on *each element* that must be proved." <u>Rollins v. TechSouth, Inc.</u>, 833 F.2d 1525, 1528 (11th Cir. 1987). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir. 1995).

"For issues, however, on which the non-movant would bear the burden of proof at trial . . . the moving party simply may show--that is, point out to the district court-- that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993). In the case at bar, if Blevins fails to come forward with substantial evidence to rebut Progressive's showing that no genuine issue of material fact exists, then summary judgment is properly granted in favor of Progressive.

## II.    **Legal Argument**

### A.    **Progressive is entitled to summary judgment because it used reasonable efforts to investigate Blevins's claim and because it had legitimate reasons for its valuation of the claim.**

The right of an insurance company to independently evaluate its insured's claim has long been upheld by Alabama courts. Time and again, Alabama courts have defended the insurer's claims decisions where it objectively and rationally analyzes the value of the claim and the claimant's unique circumstances. The tort of bad faith, however, has been reserved only for those unusual and patently unreasonable claims decisions. The Supreme Court of Alabama addressed the issue as follows:

> The plaintiff asserting a bad-faith claim bears a heavy burden.
> To establish a prima facie case of bad-faith failure to pay an
> insurance claim, a plaintiff must show that the insurer's
> decision not to pay was without any ground for dispute; in

3

other words, the plaintiff must demonstrate that the insurer had no legal or factual defense to the claim. The insured must eliminate any arguable reason propounded by the insurer for refusing to pay the claim. **A finding of bad faith based upon rejection of the insurer's legal argument should be reserved for extreme cases. The right of an insurer to deny a claim on any arguable legal issue is to be as zealously guarded as the right to decline benefits on any debatable issue of fact**, the test of reasonableness being the same.

Shelter Mutual Insurance Company v. Barton, 822 So. 2d 1149, 1154 (Ala. 2001)

(citations omitted) (emphasis added).

In Ex parte Alfa Mutual Ins. Co., 799 So.2d 957, 962 (Ala. 2001), the Alabama

Supreme Court provided the following elements comprising the tort of bad faith:

In order to present a prima facie case of bad faith refusal to pay an insurance claim, the insured must prove: (1) the existence of an insurance contract between the parties, and a breach thereof by the insurer; (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for refusal; (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (5) if the intentional failure to determine the existence of a lawful basis is relied upon, the insured must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to pay the claim.

Ex parte Alfa, 799 So.2d at 962. See also Alpin v. American Security Insurance Co., 568

So.2d 757, 760 (Ala. 1990); National Security Fire & Casualty Co. v. Bowen, 417 So.2d

179, 183 (Ala. 1982).

In order to recover for bad faith, Blevins must show that Progressive denied a

claim without any legitimate or arguable reason. The Alabama Supreme Court has

elaborated on this standard as follows:

4

'In short, a plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.'

Morton v. Allstate Ins. Co., 486 So.2d 1263, 1268 (Ala. 1986) (quoting Bowen, 417 So.2d at 183). If any one of the insurer's reasons for denying benefits is **at least arguable**, the court need to look no further; a claim for bad faith will not lie. Adams v. Auto-Owners Insurance Company, 655 So.2d 969, 971 (Ala.1995) (emphasis added).

Progressive's reasons for denying Blevins's claim were more than merely "arguable." They were prudent and compelling. The UIM policy provided coverage only where "a liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for bodily injury is less than the damages which the insured person is legally entitled to recover." (Declarations Page 7, attached hereto as exhibit "A"). Progressive thoroughly reviewed Blevins's claim file and finally concluded that her total damages were well below the tortfeasor's liability policy limits of $25,000. (Affidavit of Larry Lackey ¶¶ 6, 10, 18-21, attached hereto as exhibit "B")."

Progressive's determination was based on review of medical records from several physicians that indicated only soft tissue damage with no permanent injuries. (Affidavit of Larry Lackey ¶ 17, attached hereto as exhibit "B"). Blevins's medical bills and out-of-pocket expenses submitted to Progressive amounted to only $16,749. (Affidavit of Larry Lackey ¶ 18, attached hereto as exhibit "B"). Blevins submitted no claims for lost wages. (Affidavit of Larry Lackey ¶ 19, attached hereto as exhibit "B").

5

Blevins notified Progressive that she had received $24,000 in a settlement with the tortfeasor's insurance carrier. (Affidavit of Larry Lackey ¶ 10, attached hereto as exhibit "B"). In fact, the tortfeasor's settlement with Blevins actually fell **below** the tortfeasor's policy limits. (Affidavit of Larry Lackey ¶ 10, attached hereto as exhibit "B"). Despite Progressive's reasonable determination that no UIM exposure existed, it still offered Blevins $1,000 in settlement of her UIM claim. (Affidavit of Larry Lackey ¶ 10, attached hereto as exhibit "B").

Blevins has not produced substantial evidence that Progressive unreasonably valuated her claim for UIM coverage. In fact, she has produced no evidence at all. Progressive submitted interrogatories and requests for production to Blevins on June 22, 2006. Blevins has chosen not to respond to these requests. Furthermore, she chose to cancel her deposition with Progressive that had been scheduled for September 22, 2006.

Blevins's unsupported allegations fail to establish that Progressive either unreasonably denied payment of her claim or failed to investigate its merits. Summary judgment is proper because Progressive has demonstrated to the district court that there is an absence of evidence to support Blevins's claim. See <u>Fitzpatrick</u>, 2 F.3d at 1115. In light of substantial evidence that Progressive thoroughly reviewed Blevins's medical records and damages, Progressive acted reasonably in denying payment. Similarly, Progressive's extensive review of medical records, bills, out-of-pocket expenses, and the

6

payment received from the tortfeasor's insurer establishes that Progressive did not fail to

investigate the merits of Blevins's claim. Blevins has offered no evidence, much less

substantial evidence, to rebut Progressive's arguments. Therefore, summary judgment is

proper, and Blevins's claim against Progressive for bad faith is due to be dismissed.

**B.    Progressive is entitled to summary judgment because it performed under the insurance contract by applying fairly debatable reasons, both legal and factual, in its valuation of Blevins's claim.**

The Alabama Supreme Court has held that "in order for a plaintiff to make out a

prima facie case of bad faith refusal to pay an insurance claim, the proof offered must

show that the plaintiff is entitled to a directed verdict on the contract claim and thus

entitled to recover as a matter of law." Morton, 486 So.2d 1263, 1268 (Ala. 1986). The

court also stated that, "**If a fact issue exists, making a judgment as a matter of law on

the contract claim inappropriate, then the bad-faith claim fails and should not be

submitted to the jury.**" Id. at 1155 (citing National Savings Life Ins. Co. v. Dutton, 419

So. 2d 1357, 1362 (Ala. 1982)) (emphasis added).

As discussed above, it is Progressive's right under the insurance contract at issue

in this case to deny payment on an insured's claim so long as there are reasonably

debatable reasons for the denial. The UIM policy provided coverage only where "a

liability bond or policy applies at the time of the accident, but the sum of all applicable

limits of liability for bodily injury is less than the damages which the insured person is

legally entitled to recover." (Declarations Page 7 ¶ 4(e), attached hereto as exhibit "A").

Progressive never denied the existence of the contract or failed to perform its obligations. Instead, this matter arises from Progressive mere valuation of the claim.

In this case, there are strong arguments that Blevins is not entitled to UIM benefits arising out of the accident. There is no evidence that Blevins's damages exceeded the amount she received in settlement from the tortfeasor. Blevins's settlement with the tortfeasor's insurer was below the applicable policy limits. Furthermore, Progressive offered to pay Blevins $1,000 in UIM indemnity despite its assessment that it had no UIM exposure in this case. So long as these fairly debatable issues exist, Progressive is within its right to determine a fair settlement amount.

Therefore, Progressive's denial of the plaintiff's claims is not a breach of its insurance contract. As such, the plaintiff's claims for breach of contract and bad faith are due to be dismissed.

## III.    Conclusion

It is absolutely clear from the case law that Blevins cannot recover for either bad faith or breach of contract. Progressive thoroughly reviewed Blevins's claim, including medical records, bills, and expenses. It reached a reasonable and fair calculation that Blevins's damages were fully compensated in her settlement with the tortfeasor's insurer. Despite its determination that no UIM exposure existed, Progressive nonetheless offered to settle Blevins's claim for $1,000.

Similarly, the plaintiffs have produced no evidence that Progressive breached the contract of insurance by denying their claims.  Rather, Progressive acted well within its rights to valuate the claim value in a fair and reasonable manner.  The plaintiff has produced no evidence suggesting either that Progressive unreasonably evaluated the claim or that Progressive failed to ascertain the claim's true value.

WHEREFORE, above premises considered, Progressive respectfully moves this court to grant its motion for summary judgment and dismiss all counts of the plaintiff's complaint bad faith and breach of contract.


                                        /s/ R. Larry Bradford, Esq.
                                        R. Larry Bradford, Attorney for
                                        Defendant, Progressive Specialty
                                        Insurance Company
                                        Attorney Bar Code: BRA039


OF COUNSEL:

Bradford Law Firm, P.C.
2020 Canyon Road
Suite 100
Vestavia Hills, AL 35216
(205) 871-7733

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following via electronic filing on this 10th day of October, 2006.

W. Terry Bullard, Esq.
P.O. Box 398
Dothan, Alabama 36302

_____/s/ R. Larry Bradford_____
OF COUNSEL