STATE OF ALABAMA

JEFFERSON COUNTY

### AFFIDAVIT OF LARRY LACKEY

LARRY LACKEY, being duly sworn, deposes and says under oath as follows:

1.      My name is Larry Lackey. I am over the age of nineteen (19) years and am competent to make this affidavit. It is based upon my personal knowledge and upon my review of Progressive's claim file prepared and maintained during the ordinary and regular course of its business.

2.      I am employed as a claims attorney for the defendant, Progressive Specialty Insurance Company ("Progressive").

3.      Progressive issued an automobile insurance policy to Barbara Ann Thurman Blevins ("Blevins") which became effective on October 20, 2003.

4.      The policy issued to Blevins provided for $20,000 in UIM coverage per person in a single accident.

5.      Blevins timely notified Progressive that she had been involved in an automobile accident on February 6, 2004.

6.      Blevins demanded $20,000 in settlement from Progressive.

7.      Progressive explained that it had not received information from the health insurer necessary to ascertain its subrogation interest. However, Progressive offered to waive its own subrogation rights in order to allow Blevins to settle with the tortfeasor's insurer.


DEFENDANT'S EXHIBIT
"B"

8.    Blevins settled with the tortfeasor's liability insurer for $24,000 on or about November 18, 2005. The tortfeasor's policy with Alfa carried a $25,000 bodily injury limit.

9.    Progressive thoroughly reviewed Blevins's medical records in evaluating her claim for UIM coverage.

10.    Medical records from the emergency room visit following the accident indicated that Blevins suffered soft tissue injuries and a back strain. She was involved in a verbal altercation with the nursing staff at the hospital during her treatment.

11.    On February 9, 2004, Blevins visited Sanders Chiropractic clinic. The chiropractor diagnosed muscle spasms, and the recommended treatment consisted of eight to twelve weeks of therapy, involving three to five visits per week. However, the records provided to Progressive indicated that Blevins did not seek any treatment after the initial visit.

12.    On February 10, 2004, Blevins began visiting the Chiropractic Health Institute. She made a total of twenty-two visits to the clinic before being released from active care on May 4, 2004. She received a favorable prognosis. Dr. Kirk Eriksen at the clinic estimated that future chiropractic care would be needed for about six years at an estimated cost of only $1,612.

13.    Progressive received the records of Southeast Alabama Medical Center which indicated that Blevins received physical therapy on February 24 and 26, 2004. However, the records revealed that Blevins failed to return for additional recommended visits.

14.    Finally, Blevins submitted a bill to Progressive which indicated that she had received some treatment at Southern Bone & Joint.

15.    Progressive also compiled an analysis of Blevins's damages.  The records indicated $13,482 in medical expenses.  Of that amount, Progressive was informed that Laborers Southeast Health & Welfare had a subrogation interest of $6,412.  In addition, Progressive calculated that Blevins had been responsible for $2,288 in out-of-pocket expenses, which included insurance copays, uncovered chiropractic treatment, and mileage expenses for travel for medical treatment.

16.    Blevins submitted no claims for lost wages.

17.    Progressive's claims representatives reviewed the nature of Blevins's injuries, the treatment she received,  and the expenses she incurred.  Progressive then reached a determination that there appeared to be no UIM exposure for her claim.

18.    Progressive nonetheless offered Blevins $1,000 in settlement of her claim in order to avoid litigation expenses.  This offer was rejected, and then the plaintiff filed this bad faith lawsuit.

_____
Larry Lackey

Sworn to and subscribed before me this the _10th_ day of October, 2006.

_____
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Dec 23, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS