IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA ANN THURMAN BLEVINS, | \* |
| | \* |
| PLAINTIFF, | \* |
| | \*   CASE NO.:   CV06-398-MHT |
| VS. | \* |
| | \* |
| PROGRESSIVE INSURANCE | \* |
| COMPANY, | \* |
| | \* |
| DEFENDANT. | \* |

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, BARBARA ANN THURMAN BLEVINS, in the above styled cause, by and through her undersigned attorney and files this, her brief in opposition to the Motion for Summary Judgment filed by the Defendant, as follows:

**Standard of Review**

The Plaintiff avers that the Defendant's Summary Judgments standards is correct.

**Statement of Facts**

On February 6, 2004 in Dothan, Houston County, Alabama, the Plaintiff's automobile was struck in the rear by one Angie Day. As a result of the negligence of Day, the Plaintiff spent in excess of $13,000.00 for doctor bills, hospital bills, chiropractic bills and car rental expenses among other damages. The Plaintiff settled her claim against the tort feasor, Day, for the sum of $24,000.00. The policy limits of said Day was $25,000.00. At the time of the accident, the Plaintiff had an underinsured motorist policy with the Defendant. The Plaintiff notified the Defendant and made timely demand for payment under her underinsured motorist provision in her contract with the Defendant. The Defendant refused to pay and offered a minimal sum of $ 1,000.00 which

is insufficient to compensate the Plaintiff for her out of pocket expenses plus pain and suffering.

It is the Plaintiff's contention that the Defendant further, without any just cause, failed and refused to pay and did not investigate its liability to pay and is therefore guilty of Breach of Contract and the Tort of Bad Faith.

**Argument**

The Defendant, in its Memorandum Brief in Support of Motion for Summary Judgment argued on several different occasions that it should be free of any liability because the Plaintiff settled with the tortfeasor for $24,000.00 when the tortfeasor's policy limits were $25,000.00. The Defendant seems to be arguing that it was only liable to the Plaintiff for $1,000.00 which it offered and the Plaintiff rejected. The position of the Defendant is clearly erroneous.

One would merely review the case of Isler vs. Federated Guaranty Mutual Insurance Company, 594 So.2d 37 (Ala.1992) and Omni Insurance Company vs. Foreman, 802 So.2d 195 (Ala.2001), wherein the Alabama Supreme Court held in summary that the insured's acceptance of a settlement from the tortfeasor in an amount less than the limits of liability does not prevent recovery of underinsured motorist benefits because the Plaintiff's failure to exhaust the liability coverage did not forfeit the right to underinsured motorist benefits in excess of the liability limits.

Here the Defendant argues that the Plaintiff's damages was basically her medical bills. Clearly the Plaintiff is entitled to pain and suffering for the injuries suffered in the accident that occurred between the Plaintiff and the tortfeasor, Day. The Defendant

argues that the fact that the Plaintiff settled for $24,000.00 and her medical bills were only roughly $16,000.00 then she has been fully compensated. This is clearly erroneous.

In Ex Parte Courtney, 937 So.2d 1060 (Ala.2006), the Alabama Supreme Court held, inter alia, "Nevertheless, where liability is established, the jury's assessment of damages must include, at the least, an amount sufficient to compensate the plaintiff for his or her uncontradicted special damages, as well as a reasonable amount of compensation for pain and suffering."

Likewise in Wells vs. Mohammad, 879 So.2d 1188 (Ala.Civ.App.2003), the Alabama Court of Civil Appeals held that, among other things, "Where liability is established, the assessment of damages must include an amount at least as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering."

In the totality of the Brief in Support of Motion for Summary Judgement, the Defendant has chosen to simply ignore the fact that the Plaintiff was entitled to compensation for her pain and suffering. The $24,000.00 that was paid to the Plaintiff from the tortfeasor's, Day, liability insurance carrier, after allowance for the attorney's fee of one-third (1/3) of the $24,000.00 settlement, granted the Plaintiff a mere $16,000.00 or enough to simply compensate her for her medical expenses.

The Plaintiff cannot ignore the fact that the Defendant argued that she has not responded to Interrogatories. As this court has previously ruled and recognized in its Order of November 1, 2006 that the attorney for the Plaintiff, through no fault of the attorney, received no copies of any electronic filings including court orders in this case. However, the Plaintiff's attorney would point out to the court that the Interrogatories

were answered and forwarded to the attorney for the Defendant on November 6, 2006.

In the undisputed facts admitted by the "Statement of Undisputed Facts" are, in fact, disputed. The Plaintiff specifically disputed paragraph seven (7) where it is alleged by attorney Larry Lackey, an in house attorney for the Defendant, stated that Progressive's claim staff thoroughly reviewed Blevins file and concluded that there was no UM exposure. It should be noted by this Honorable Court that there is no calculations or any other supporting documents other than the apparent heresay evidence of Attorney Lackey supporting the allegations that the staff thoroughly reviewed Blevins file and concluded that there was no UM exposure. Query: Where are the calculations? Amusingly, none are provided. The Defendant further would dispute that she refused medical treatment.

Further, in her Complaint, it clearly states that she is seeking damages for her hospital bills, doctor bills, chiropractic bills, car rental expenses and lost wages among other damages. The Plaintiff would clearly prove at trial that she is, in fact, entitled to lost wages. The affidavit of Attorney Lackey is obviously an attempt to whitewash or cover up the lack of investigation done by the Defendant in evaluating the Plaintiff's claim.

Now, turning to the issue of the tort of bad faith, in 1981 the Supreme Court of Alabama first recognized the tort of bad faith failure to pay. In <u>Chavers vs. National Security & Casualty Co.</u>, 405 So.2d 1 (Ala.1981), our Supreme Court, in its decision, specifically outlined the proof required of the insured in a bad faith. First, the insured was required to prove no lawful basis for the refusal to pay coupled with the actual knowledge of the fact. Alternatively the insured could prove an intentional failure by the insurer to determine whether or not there was any lawful basis for the refusal. As such,

bad faith in Alabama is an intentional tort. In <u>Chavers,</u> the court reaffirmed that there is no claim for negligence in handling an insurance claim.

The court held further in <u>Chavers,</u> that the insured could prove intentional conduct with circumstantial evidence as well as direct evidence. Moreover, the court recognized that the insured could recover damages for mental anguish and economic losses in addition to contract damages. In discussing this tort in <u>Chavers</u>, the court held that the insured must base his decision on admissible evidence yet further stated that advise of counsel is evidence of good faith on the part of the insurer. Note, however, that the attorneys providing such advice must base his or her opinion on admissible evidence as well

. The Supreme Court of Alabama further addresses the proof required in a bad faith action in <u>Gulf Atlantic Life Insurance Company vs. Barnes</u>, 405 So.2d 916 (Ala.1981). In addressing a claim made on an life insurance policy, the court defined "no lawful basis" as lacking a legitimate or arguable basis for failing to pay the claim.

Here in this case, it is the Plaintiff's position, and apparently the Defendant's position, that the Defendant can simply ignore the law and not award the Plaintiff damages for pain and suffering. In the above cited case of <u>Wells</u> and <u>Ex Parte Courtney</u>, the Supreme Court clearly stated that the Plaintiff was entitled to pain and suffering where the damages were uncontradicted. Here in this case, the Defendant admits that the Plaintiff had $16,000.00 worth of medical bills but clearly ignored her right to claim for pain and suffering.

In its brief the Defendant argues <u>Morton vs. Alliance Ins.Co.</u>, 486 So.2d. 1263,1268 (Ala.1986) (quoting <u>Bowen</u>, 417 So.2d. at 183) stating "If any of the insurer's reason for denying benefit is at least arguable the court need to look no further; a claim

for bad faith would not lie." The Plaintiff would argue that the Defendant admits that it only consider the Plaintiff's "special" damages. The Defendant did not consider the pain and suffering. Therefore, the Defendant cannot ask for Summary Judgment because they claim that the reason for denying the benefits is arguable. There is no argument at all. They have admitted that they did not consider pain and suffering. It is amusing that the Defendant claims that they have "thoroughly" reviewed the Plaintiff's claim and finally concluded that her total damages were well below the tortfeasor's policy of liabilty, ie; that the $16,749.00 worth of medical bills was the below the tortfeasor's $25,000.00 liability policy which is true but once again, how about her pain and suffering. They obviously concluded on their own that they are not entitled to pay for pain and suffering which is clearly not the law in the State of Alabama.

    The Plaintiff further avers that the Defendant is charged with the duty to investigate. Did the Defendant inquire as to her pain and suffering? Answer: No. Did the Defendant do anything except look at the Plaintiff's medical records? Answer: No.

    In <u>Continental Insurance Co. vs. Kountz</u>, 461 So.2d 802 (Ala.1984), the court addressed a claim of failure to investigate. The insured was covered by a group health plan. This plan did not cover dental work unless it was necessitated by accidental bodily injury to sound natural teeth. The insured received a blow to the mouth during a robbery attempt. In turned out, however, that she also had chronic periodontal disease which involved a deterioration of her gums which resulted in her teeth being more loose. Following this incident, eight of her teeth had to be extracted. The court affirmed the verdict in favor of the insured finding that there was evidence of intentional failure to determine whether or not there was a lawful basis for denial.

    In this case, where in anywhere of the affidavit of Attorney Lackey, the in house

attorney for the Defendant, are any submitted documents with any proof of any kind that the Defendant investigated the Plaintiff's claim for pain and suffering, lost wages or any other damage. They merely looked at her medical records, determined that she had $16,000.00 worth of medical bills, she had already received $24,000.00 less attorney's fees would net her a total of $16,000.00 and she is adequately compensated. This conclusion is absolutely ridiculous and absurd.

As stated in <u>Chavers</u>, the Plaintiff is required to prove no lawful basis for the refusal to pay coupled with the actual knowledge of that fact. Alternatively, the insured Plaintiff could prove an intentional failure by the insurer to determine whether or not there was any lawful basis for the refusal.

It is clear, 1) that the Defendant has no lawful basis for their refusing to pay the Plaintiff for her pain and suffering and 2) the Defendant had knowledge that she was claiming pain and suffering if they had read the Complaint. It is obvious by the brief submitted by the Defendant that the Defendant failed to determine whether or not there was any lawful basis for the refusal to pay pain and suffering. They simply did not consider it.

**Conclusion**

This is clearly a textbook case of the tort of bad faith. The Defendant did not investigate the Plaintiff's claim for pain and suffering and did not investigate her lost wages. In essence, did nothing to affirm its duty to pay the claim other than attach to its brief an affidavit from an in house lawyer who merely reviewed the file. Any evidence that he offered was heresay based upon what he read in a file. The Motion for Summary Judgment is due to be denied.

Respectfully submitted this 20th day of November, 2006.

/s/ W. Terry Bullard
W. TERRY BULLARD (BUL007)
Attorney for Plaintiff
Post Office Box 398
Dothan, Alabama 36302
(334) 793-5665

## CERTIFICATE OF SERVICE

I, W. Terry Bullard, hereby certify that I have this date mailed a copy of the foregoing Brief in Opposition to the Motion for Summary Judgment to the Honorable R. Larry Bradford, Attorney for Defendant, 2020 Canyon Rd., Suite 100, Birmingham, Alabama 35216 via electronic filing this the 20th day of November, 2006.

/s/ W. Terry Bullard
OF COUNSEL